# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITE STATES OF AMERICA | : | No. 3:08cr161-1 |
|---|---|---|
| v. | : | (Judge Munley) |
| ADOLPHUS MCNEIL, Defendant | : | |

## MEMORANDUM

    Before the court for disposition is Defendant Adolphus McNeil's motion to dismiss the indictment with prejudice based upon an alleged violation of the Speedy Trial Act. The matter has been fully briefed and is ripe for disposition.

**Background**

    James Hirchar, a Task Force Officer of the Drug Enforcement Administration filed a criminal complaint against Defendant Adolphus McNeil on April 14, 2008. (Doc. 1). The complaint charged McNeil with the following three federal crimes:

    1) Conspiracy with Co-Defendant Steve McNeil to distribute and possession with intent to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. § § 841(a)(1), 841(b)(1)(B) and 846. Id.

    2) Aiding and abetting Co-Defendant Steve McNeil on April 12, 2008 in the possession of with intent to distribute marijuana in violation of 21 U.S.C. § § 841(a)(1) and 18 U.S.C. § 2.

    3) Aiding and abetting Co-Defendant Steve McNeil the possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § § 924(c) and 2.

    A grand jury returned an indictment against both defendants on April 14, 2008 charging them with these three crimes in addition to charging

Defendant Adolphus McNeil with criminal use of a communication facility in violation of 21 U.S.C. § 843(b) and unlawful user of a controlled substance in possession of a firearm, a violation of 18 U.S.C. § 922(g)(3). (Doc. 13, Indictment). The indictment also contains a forfeiture count. (Id.).

In January 2009, a grand jury charged the defendant in a superseding indictment with the same crimes, but the date of the conspiracy charge was changed to between October 2005 and April 12, 2008. (Doc. 52, Superseding Indictment). A second superseding indictment was entered on May 19, 2009. This indictment changed the conspiracy dates to "[b]eginning in or about January of 1996, and continuing to on or about April 12, 2008[.]" (Doc. 75, Second Superseding Indictment). On May 28, 2009, Adolphus McNeil was arraigned and pled not guilty to the second superceding indictment. (Doc. 81).

Trial in this case is scheduled for Tuesday September 29, 2009. (Doc. 83, Rescheduling Order dated June 5, 2009). Defendant Adolphus McNeil moves to dismiss the case pursuant to the Speedy Trial Act.[1] 18 U.S.C. § 3161 et seq.

**Discussion**

The Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

---

[1]Defendant Adolphus McNeil has been incarcerated awaiting trial whereas his Co-Defendant Steve McNeil was released on bail in June 2008. (Doc. 36).

18 U.S.C. § 3161(c)(1).

If a defendant is not brought to trial within this time period, "the information or indictment **shall be dismissed** on motion of the defendant. . . . In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2) (emphasis added).

Certain periods of time are excluded in computing the speedy trial time, including "delay in resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]" 18 U.S.C. § 3161(h)(1)(F).

Defendant Adolphus McNeil argues that the speedy trial time limit began to run when the original indictment was filed on April 22, 2008 and that the seventy (70) day time limit for trial thus expired on June 30, 2008. He further argues that the charges should be dismissed with prejudice because: he is an Guyanese citizen in the United States; the delay is a per se violation of 18 U.S.C. § 3162(a)(2); and he is materially prejudiced by the delay. After a careful review, we agree in part.

In the instant case, the speedy trial clock started running on "the filing date (and making public) of the information or indictment or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The original indictment in the instant case was filed on April 22, 2008. The defendant had previously had his initial appearance.

Therefore, April 22, 2008 is the date that the speedy trial clock started running.

The limitations period ran until May 6, 2008 when the attorney of defendant's co-defendant filed a motion for withdrawal. (Doc. 18). The defendant's speedy trial time that had run up to this point was thirteen (13) days. This motion was granted the next day. (Doc. 19). From that day until June 18, 2008, a series of motions were filed that tolled the speedy trial clock. (See Docs. 20, 29, 30). The last of these motions was disposed of on June 18, 2008. (Doc. 33, Order disposing of Doc. 20, motion for bail review and detention).[2]

The speedy trial clock thus began running again on June 18, 2009. It ran for five days until June 23, 2009 when the defendant filed a motion for reconsideration of the order of detention. (Doc. 37). At this point then, a total of eighteen (18) days had run on the defendant's speedy trial clock. This motion was withdrawn on July 18, 2008. (Doc. 39).[3] Accordingly, the

---

[2]The government asserts that the twenty (20) days provided by the magistrate judge to prepare pretrial motions is also excludable. In support of this position, the government cites United States v. Barnes, 909 F.2d 1059, 1064-65 (7th Cir. 1990). The Third Circuit has noted that there is a split in the circuits regarding whether such delay is excludable, but it has not decided the issue. See United States v. Fields, 39 F.3d 439, 444 n.3 (3d Cir. 1994). Seven of these days are already covered by other excludable time and a speedy trial violation is still present even if we agreed with the government's position. Accordingly, whether this time is excludable or not has no effect on the ultimate outcome of the instant motion.

[3]The government argues that the defendant's motion for reconsideration was never ruled upon by the court, therefore, the speedy trial time was tolled. We are unconvinced. The defendant filed a motion

4

speedy trial clock started running again and ran until October 2, 2008 when the court re-scheduled trial for November 17, 2008. (Doc. 43). Seventy-six (76) days passed between July 18 and October 2, 2008. At this point, therefore, a total of ninety-four (94) days had passed and the defendant's right to have his trial within seventy (70) days was violated.

Because we have found that the defendant's speedy trial rights have been violated, the indictment shall be dismissed pursuant 18 U.S.C. § 3162(a)(2), and we are left to determine whether such dismissal will be with or without prejudice. See United States v. Taylor, 487 U.S. 326 (1988).

The Speedy Trial Act provides three factors for us to consider in deciding whether to dismiss with or without prejudice. The factors are: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; [3] and the impact of a reprosecution on the administration of this chapter and the administration of justice." 18 U.S.C. § 3162(a)(2). With regard to such dismissal, the Third Circuit Court of Appeals has explained: "we would anticipate that no criminal proceeding would be dismissed with prejudice without the court having considered and balanced the length of delay, the reasons for the delay and the prejudice from the delay to the defendant " Gov't of Virgin Islands v. Bryan, 818 F.2d 1069, 1076 (3d Cir. 1987).

---

to withdraw the motion for reconsideration; however, it was docketed not as a motion but as a "withdrawal of motion". (See Doc. 39). The court thus never issued an order on it and considered the motion for reconsideration withdrawn. It would be inequitable to rule that this pending "motion" tolled the Speedy Trial Act. If it had been docketed as a motion, the court would have disposed of it immediately with an order.

5

First, we consider the seriousness of the charges. The indictment contains three drug charges, one communications count and one firearms violation. We find that these are serious charges. Defendant has raised no argument to the contrary.

Next, we must consider the facts and circumstances of the case which led to the dismissal. 18 U.S.C. § 3162(a)(2). The reason for the speedy trial violation is not clear from a review of the docket. It appears, however, that the United States Attorney was changed on the case on July 10, 2008, only a few weeks before the trial date of July 21, 2008. The trial did not occur on that date, although the docket does not reflect the reason the trial was continued. From October 2008 onward, the court continued the trial several times, finding each time that the ends of justice outweighed the best interest of the public and the defendant in a speedy trial. (Doc. 43, 48, 50, 71).

We note also that the defendant did not assert his speedy trial rights when they first began to expire. The speedy trial issue was first raised over a year after the trial was originally scheduled to be held in a letter from the defendant that was docketed on September 8, 2009. (Doc. 96). Defense counsel then filed a motion raising the issue. (Doc. 97). This failure to promptly assert his speedy trial rights indicates that "any hardships he suffered were either minimal or caused by other factors." United States v. Palmer, 537 F.2d 1287, 1288 (5th Cir. 1976).

The final factor is the impact of reprosecution on the Speedy Trial Act and the administration of justice. Based upon the facts as discussed above, we find that allowing the reprosecution does not adversely affect the Speedy Trial Act and would best serve the administration of justice.

6

Defendant does not appear to be prejudiced by the violation of the Speedy Trial Act.  He asserts that he has been prejudiced because he is a Guyanese citizen in the United States.  (Doc. 97, ¶ 8(a)).  Defendant does not explain how this causes prejudice to him.  He also makes the bald assertion that "defendant is materially prejudiced by the delay" without explaining how the defendant is prejudiced.   For example, the defendant does not indicate that any witnesses or evidence is unavailable because of the delay.

     Based upon a review of the factors, therefore, we find that the indictment should be dismissed without prejudice.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITE STATES OF AMERICA | : | No. 3:08cr161-1 |
| v. | : | (Judge Munley) |
| ADOLPHUS MCNEIL, Defendant | : | |

## ORDER

**AND N OW**, to wit, this 24th day of September 2009, the defendant's motion to dismiss the indictment with prejudice (Doc. 97) is **GRANTED** in part and the indictment against the defendant is hereby **DISMISSED** without prejudice.

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**

\